UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>DANTE LARA,<br>    a/k/a "King Nasty"<br><br>  Defendant | Criminal No. 19-CR-10459-RWZ |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

The government submits the instant memorandum in support of its recommendation for 36 months of incarceration for the defendant, Dante Lara a/k/a "King Nasty."  This recommendation reflects the seriousness of the offense, the defendant's personal involvement in the activities of the criminal enterprise, and his criminal history, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

**THE ADVISORY SENTENCING GUIDELINES**

In the plea agreement, Dkt. 1427, the parties agreed that the defendant's total offense level is 16, based on a base offense level of 19 for his participation in the racketeering conspiracy (U.S.S.G. § 2E1.1(a)(1))—which included the specific underlying activity of possessing with intent to distribute approximately 7 grams of cocaine, and possession of a firearm—and a three-level reduction for his acceptance of responsibility (U.S.S.G. § 3E1.1).  Probation agrees with the parties in this calculation. PSR ¶¶ 80-90.  The government further agreed to recommend a sentence within this guideline range, while the defendant agreed to recommend a sentence of at least 18 months.

Based on an offense level of 16 and a criminal history category of IV, Probation calculates

1

an advisory sentencing range of 33-41 months.

## ARGUMENT

The defendant was unquestionably a member of the Latin Kings and was involved in racketeering acts in furtherance of the Latin Kings conspiracy, including the distribution of controlled substances, and discussions about committing violence against other gangs and persons who have provided information to law enforcement.

The defendant worked to further the gang's violence and he personally participated in the enterprise's drug distribution activities. He was captured in consensually-recorded calls as he negotiated drug deals using plain language, including asking how much "the crack" cost, and discussed quantities of cocaine ranging from a few grams up to more than 60 grams. At the time of his arrest on December 5, 2019, agents found in Lara's bedroom approximately 7 grams of cocaine and a .25 caliber handgun loaded with 5 rounds of ammunition.

But this was not the defendant's first gun, nor was it the first time he had been caught with drugs. In March 2015, following the shooting of Victim 18, investigators stopped Lara with fellow D5K members Wilson Peguero and Oscar Pena as they left the house belonging to the shooting suspect. Officers recovered a 9mm semi-automatic firearm from Lara's waistband. And, as described in the Presentence Report, ¶¶ 93-97, the defendant was thrice convicted of drug distribution offenses between 2011 and 2017. In between these drug offenses, Lara was also convicted of assault and battery with a dangerous weapon, and, separately, possession of a dangerous weapon (to wit, a knife). Despite these various convictions (mostly state "CWOFs"), the defendant has served relatively little time in jail.

Given this serious pattern of criminal behavior, and the defendant's conduct in furtherance of the criminal enterprise here, a sentence of 36 months is sufficient but no greater than necessary

to accomplish the goals of sentencing. This sentence promotes respect for the law and provides just—but not excessive—punishment for the harm the defendant caused to the community through his enterprise activities. Such a sentence also provides specific deterrence for a defendant who has largely evaded serious punishment for his offenses to date. On consideration of all these factors, 36 months is a fair and just sentence.

## CONCLUSION

The Court should impose a sentence of 36 months of incarceration.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:

*/s/ Lauren A. Graber*
PHILIP A. MALLARD
LAUREN A. GRABER
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Lauren A. Graber*
LAUREN A. GRABER
Date:  February 8, 2021          Assistant U.S. Attorney